**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID SMART,**<br>**Plaintiff,**<br>**v.**<br><br>**MAIN LINE HEALTH,**<br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No. 22-cv-5239-KNS** |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Pursuant to this Court's Policies and Procedures, Civil Pretrial Procedure, § III(E)(1) (allowing "one round of reply or supplemental briefings" per party), and for the reasons stated below, David Smart ("Plaintiff") respectfully submits the following Sur-Reply brief to answer arguments against the sufficiency of his ECPA claim in the Reply brief filed by Main Line Health ("Defendant") [Doc. 26].[1]

## ARGUMENT

**1. Plaintiff's ECPA claim is plausible because he alleges that Defendant had a criminal purpose separate from its interception of the Class members' information.**

Defendant claims Plaintiff has not pled an adequate claim under the "criminal or tortious" exception to the ECPA because its interception and disclosure of the Class members' communications occurred simultaneously. Def. Reply at pp. 2-3 ("the disclosure occurred during the very act of interception by Meta via the Metal Pixel") [Doc. 26]. This argument is a red herring based on a mischaracterization of the applicable case-law.

[1] Defendant's reply arguments concerning Plaintiff's negligence and privacy claims do not raise any new or different issues, so do not require additional briefing.

Defendant incorrectly describes the ECPA's "criminal or tortious" exception as requiring Plaintiff to "allege that Defendant's disclosure of any communication to Meta was completely independent of the interception of the data via the Meta Pixel." *Id.* at p. 3. This is patently incorrect. The relevant authorities, cited in Defendant's Reply, explain that *the crucial inquiry is not whether the criminal or tortious act and the interception occurred at separate times, but whether the purpose of the tortious or criminal act* (here, using the Class members' individually-identifiable patient health information for commercial gain) *was independent of the interception* (here, using the Meta Pixel to capture the Class members' information). Def. Mem. at pp. 3-4, *citing In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 145 (3d Cir. 2015) ("As the plaintiffs plead no tortious or criminal use of the acquired internet histories, § 2511(2)(d) is not inapplicable on the basis of the criminal-tortious purpose exception"); *Caro v. Weintraub*, 618 F.3d 94, 99-100 (2d Cir. 2010) ("At the time of the recording the offender must intend to use the recording to commit a criminal or tortious act. Merely intending to record the plaintiff is not enough"). *See Sussman v. Am. Broad. Companies, Inc.*, 186 F.3d 1200, 1202–03 (9th Cir. 1999) ("Under section 2511, the focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception—its intended use—was criminal or tortious").[2]

Here, Plaintiff has pled that Defendant: was an intended recipient of the Class members' communications; knowingly disclosed the Class members' individually-identifiable patient health information to Meta; and caused this information to be used for commercial gain without the Class

---

[2] Defendant conspicuously fails to mention that the plaintiffs' ECPA claims in these cases were dismissed because they did not plead an independent tortious use separate from the defendants' act of interception. *See In re Google Inc. Cookie Placement*, 806 F.3d at 145 ("'intrusion upon seclusion presents a problem… - it is a tort that occurs through the act of interception itself'"), *quoting Caro*, 618 F.3d at 101.

members' notice or consent. Am. Cpt., ¶¶ 3, 15, 23-27, 29-34, 37-41, 50-58 [Doc. 22]. These allegations make Plaintiff's ECPA claim plausible, in part, because he has pled that Defendant engaged in a criminal act "independent of the intentional act of recording." *See* 18 U.S.C § 2511(2)(d); 42 U.S.C. § 1320(d)(6); *In re Google Inc. Cookie Placement*, 806 F.3d at 145; *Caro*, 618 F.3d at 101.

**2. Plaintiff's ECPA claim is plausible because he alleges that Defendant had a criminal intent in disclosing the Class members' information to Meta.**

Defendant separately argues that Plaintiff has not adequately pled it acted with a criminal – as opposed to a legitimate commercial – purpose. Def. Reply at pp. 3-5 ("Plaintiff's Amended Complaint belies any suggestion that Defendant's 'primary motivation' in using the Meta Pixel was to violate HIPAA") [Doc. 26]. This argument overlooks the obvious. Plaintiff has pled that Defendant committed a federal crime by knowingly sharing the Class members' individually-identifiable patient health information with Meta. Am. Cpt. at ¶¶ 22-34, 51-58 [Doc. 22].[3] The fact that Defendant's crime eventually provided it with a commercial benefit cannot possibly preclude a finding of criminal motivation. If this were true, it would be impossible to prove criminal intent for any successful crime involving theft.

The four cases Defendant cites for the proposition that its use of "tracking software serves legitimate commercial purposes," *see* Def. Reply at pp. 4-5 [Doc. 26], have no relevance here, because the data at issue in those cases was not individually-identifiable patient health information

---

[3] It is a federal crime to "knowingly" disclose individually-identifiable patient health information to third parties, and "the 'knowingly' element of the offense… requires only proof of knowledge of the facts that constitute the offense." *See* Scope of Criminal Enforcement Under 42 U.S.C. § 1320d-6 (*https://www.justice.gov/sites/default/files/olc/opinions/attachments/2014/11/17/hipaa_final.htm*).

and the defendants in those cases did not intend to violate HIPAA in "tracking" it. *See In re Nickelodeon Consumer Priv. Litig*., 827 F.3d 262, 269 (3d Cir. 2016) (alleging unlawful disclosure of "video materials requested and obtained from Viacom's children's websites."); *Rodriguez v. Google LLC*, 2021 WL 2026726, *4 (N.D. Cal. May 21, 2021) (alleging unlawful disclosure of "an individual's activity on… apps… that use Google services"); *In re Google Inc. Gmail Litig*., 2014 WL 1102660, *2 (N.D. Cal. Mar. 18, 2014) (alleging unlawful disclosure of email contents); *In re DoubleClick Inc. Priv. Litig*., 154 F. Supp. 2d 497, 502-503 (S.D.N.Y. 2001) (alleging unlawful disclosure of personally identifiable information and internet activity).

Here, Defendant violated the ECPA because it intended to engage in criminal conduct, namely the knowing disclosure of the Class members' individually-identifiable patient health information to Meta without their notice or consent. Am. Cpt. at ¶¶ 22-34, 51-58 [Doc. 22]. *See* 18 U.S.C. § 2510(4); 18 U.S.C. § 2510(8); 18 U.S.C. § 2511(1)(a); 42 U.S.C. § 1320(d)(6); 45 C.F.R. § 160.103. *See also In re Zynga Priv. Litig.*, 750 F.3d 1098, 1107 (9th Cir. 2014); *In re Pharmatrak, Inc. Privacy Litig.*, 329 F.3d 9, 18 (1st Cir. 2003); *In re Meta Pixel Healthcare Litig.*, 2022 WL 17869218, *11 (N.D. Cal. Dec. 22, 2022).[4] These are sufficient allegations of criminal intent to support an ECPA claim.

---

[4] Defendant's reliance on the Department of Health and Human Services' ("DHHS") Bulletin cited in Plaintiff's Amended Complaint is baffling. Defendant "cherry-picks" a quote from this Bulletin that says tracking technologies can "be used in beneficial ways to help improve care or the patient experience." Def. Reply at p. 5 (n.2) [Doc. 26]. However, the entire point of the DHHS' Bulletin is to remind HIPAA-covered entities that they "are not permitted to use tracking technologies in a manner that would result in impermissible disclosures" because (as noted in the sentence immediately after the one Defendant quotes), "this tracking information could also be misused to promote misinformation, identify theft, stalking, and harassment." *See* DHHS Press Release, p.2 [Doc. 22-1]. Of course, DHHS also recognizes. In fact

### 3. Plaintiff's ECPA claim is plausible because he has adequately alleged the content disclosed to Meta.

Finally, Defendant attempts to mislead the Court with a baseless claim that Plaintiff "has not alleged any specific disclosure that was made to Meta about his interactions on the Main Line Health website" and that he "does not allege facts sufficient to show that such communications contained 'personal health information." Def. Reply at p. 6 [Doc. 26]. Evan a cursory review of the Amended Complaint reveals the information Defendant claims to be missing and supports the sufficiency of Plaintiff's ECPA claim. Am. Cpt. at ¶ 37 (describing the communications Plaintiff made on Defendant's website, including "requests for information about specific Main Line Health providers and locations, and information about specific health conditions, treatments, and services") [Doc. 22]. *See id.* at ¶¶ 3, 15, 22-25, 53-55 (describing "communications about individual patients' past, present, and future medical conditions, concerns, symptoms, appointments, providers, treatments, medications, bills, and insurance," including "their IP addresses, Facebook ID, cookie identifiers, device identifiers and account numbers" and the specific "buttons, links, pages, and tabs they click and view" on Defendant's website, which "identified the individual making the communication" and "provide information about specific conditions, treatment options, services, locations, doctors, and clinical trials," including "their past, present, or future physical or mental health or condition, their receipt of health care, and/or their payment for that care").[5]

---

[5] Defendant's claim that *Kurowski v. Rush Sys. for Health*, 2023 WL 2349606 (N.D. Ill. Mar. 3, 2023) was dismissed because the plaintiff "did not identify the particular communications that were allegedly disclosed when the plaintiff interacted with the website," *see* Def. Reply at p. 6, is easily refuted. *Kurowski* mentions that the plaintiff failed to describe the communications made on the defendant's MyChart portal, but contains a long discussion about the alleged communications made on its public website. *Kurowski*, 2023 WL 2349606, at *2–5. The plaintiff's ECPA claim failed, in part, because she failed to plead how the alleged communications

If what Defendant really means is that Plaintiff should have to plead the specific details of every medical condition and treatment he communicated about with every provider on the Main Line Health website, this argument has no place in a motion to dismiss. A plaintiff need not share the intimate details of his healthcare-related communications in a complaint. To survive a motion to dismiss, it is only necessary to plead sufficient factual matter, accepted as true, to state a plausible claim for relief. *Holland v. Progressive Specialty Insurance Co.*, 2023 WL 2868012, *1 (E.D. Pa. Apr. 10, 2023) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Requiring patients to disclose their statutorily-protected, individually-identifiable patient health information as a condition of pleading a claim for the misuse of that information would violate the protections of HIPAA, violate Plaintiff's privacy rights, and undermine the private, protected nature of this information. Nor would it materially inform the nature of Plaintiff's allegations, because the contents of the healthcare-related communications on Defendant's website – whether they relate to an ingrown toenail or cancer – are equally protected by HIPAA, personal, private, and not necessary to plead a plausible ECPA claim.

## CONCLUSION

Accordingly, for the reasons stated above, Plaintiff respectfully asks this Court to enter his proposed Order denying Defendant's Motion to Dismiss [Doc. 23].

---

involved individually-identifiable patient health information. *Id.* at *5 ("Kurowski fails to allege how the hypothetical data disclosures described in the complaint involve [individually-identifiable health information]"). However, as explained above, and in Plaintiff's Opposition [Doc. 25-1], Plaintiff has alleged that Defendant disclosed individually-identifiable patient health information to Meta, meaning that the holding in *Kurowski* has little relevance here.

Respectfully Submitted,

Dated: May 8, 2023

*/s/ David J. Cohen*
David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

Ryan F. Stephan (admitted pro hac vice)
James B. Zouras (admitted pro hac vice)
Teresa M. Becvar (admitted pro hac vice)
STEPHAN ZOURAS, LLP
222 W. Adams St., Suite 2020
Chicago, Illinois 60606
(312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

*Plaintiff's Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served upon all record counsel by electronically filing said document *via* the Court's ECF system on May 8, 2023.

*/s/ David J. Cohen*