**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID SMART,**<br>**Plaintiff,**<br>**v.**<br><br>**MAIN LINE HEALTH and META PLATFORMS INC.,**<br>**Defendants.** | **Case No. 2:22-cv-05239-KNS** |

**DEFENDANT MAIN LINE HEALTH INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendant Main Line Health Inc. ("Main Line Health"), by and through its counsel, hereby respectfully submits the following supplemental authorities in support of its Motion to Dismiss (D.I. 20) ("Motion"):

- *Allen v. Novant Health, Inc.*, No. 1:22-CV-697, 2023 WL 5486240 (M.D. N.C. Aug. 24, 2023) **("*Allen*")**, attached hereto as **Exhibit A**.
- *Cousin v. Sharp Healthcare*, No. 22-CV-2040-MMA (DDL), 2023 WL 4484441 (S.D. Cal. Jul. 12, 2023) **("*Cousin*")**, attached hereto as **Exhibit B**.

The Middle District of North Carolina in *Allen*, and the Southern District of California in *Cousin*, recently dismissed claims similar to those asserted by the Plaintiff here, and therefore, the opinions are pertinent to the issues raised in Main Line Health's Motion. Main Line Health could not have previously cited these decisions in its Motion because they were published after the filing of the Motion.

The factual circumstances of the plaintiffs' claims in *Allen* are nearly identical to the factual circumstances of Plaintiff's claims against Main Line Health. The *Allen* plaintiffs brought class

action claims against their health care provider alleging it "disclosed their confidential and private medical information to Meta Platforms, Inc., commonly known at relevant times as 'Facebook,' without their consent." *Allen*, 2023 WL 5486240, at *1. The court dismissed plaintiffs' invasion of privacy, intrusion upon seclusion claim because they admitted in their complaint that they voluntarily provided their information directly to the defendant, thus precluding any finding of intrusion or unauthorized prying. *Id.* at *2. Similarly, the court dismissed the plaintiffs' claims under the Federal Wiretap Act, 18 U.S.C. § 2511, because the defendant's "mere receipt of a communication" directly from the plaintiffs, as opposed to Facebook's interception of the alleged communication via the pixel, was not sufficient to state a cause of action under the Federal Wiretap Act. *Id.* at *4. Here, the Plaintiff's allegations suffer from the same deficiencies, therefore Main Line Health's respectfully requests its Motion be granted and Plaintiffs' claims be dismissed with prejudice.

Similarly, the factual circumstances of the plaintiffs' claims in *Cousin* are nearly identical to the factual circumstances of Plaintiff's claims against Main Line Health. The *Cousin* plaintiffs brought class action claims against their health care provider alleging it "intentionally disclosed its patients' sensitive health information, without their consent, to Meta Platforms, Inc. ('Meta') through the procurement and embedding of an internet tracking tool, Meta Pixel, on its website." *Cousin,* 2023 WL 4484441, at *1. The Court dismissed each claim, holding as a threshold matter: "Plaintiffs cannot maintain their claims based upon the theory that Defendant's sharing of their browsing activity, collected on its publicly facing website, is a disclosure of their sensitive medical information." *Id*. at *3. Further, in dismissing the plaintiffs' invasion of privacy claim, the court found that "disclosing a user's browsing history does not plausibly reach the level of 'highly offensive' conduct" needed to survive a motion to dismiss. *Id.* at *6. And in dismissing the

plaintiffs' California's Invasion of Privacy Act claim, whose analysis is the same as the federal Wiretap Act, the court found the Plaintiffs did not provide "sufficient factual support to plausibly claim their content was intercepted by Meta as a result of installing Meta Pixel." *Id.* at *10. Here, the Plaintiff's allegations suffer from the same deficiencies, therefore Main Line Health's respectfully requests its Motion be granted and Plaintiffs' claims be dismissed with prejudice.

Dated: September 14, 2023

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*_/s/ Edward J. McAndrew_*
Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435

Paul G. Karlsgodt (*PHV* forthcoming)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
T: (303) 764-4013
F: (303) 861-7805
Email: pkarlsgodt@bakerlaw.com

Elizabeth A. Scully (admitted *PHV*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
T: (202) 861-1500
F: (202) 861-1783
Email: escully@bakerlaw.com
*Attorneys for Defendant Main Line Health, Inc. d/b/a/ Main Line Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2023, I electronically filed the foregoing "Defendant Main Line Health Inc.'s Notice of Supplemental Authority" with the Court using the CM/EFC system, which will automatically serve all attorneys of record via the Court's CM/ECF System.

*/s/ Edward J. McAndrew*

Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435