**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID SMART,**<br>**Plaintiff,**<br>**v.**<br><br>**MAIN LINE HEALTH and META PLATFORMS INC.,**<br>**Defendants.** | **Case No. 2:22-cv-05239-KNS** |

**DEFENDANT MAIN LINE HEALTH INC.'S**
**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Main Line Health Inc. ("Main Line Health"), by and through its counsel, hereby respectfully submits the following response to Plaintiff's Notice of Supplemental Authority (the "Notice") (D.I. 31) regarding the recent decision issued in *Cousin v. Sharp Healthcare* by the United States District Court for the Southern District of California granting in part and denying in part Sharp Healthcare's Motion to Dismiss Cousin's Amended Complaint and identifies an additional recent decision, *Hartley v. University of Chicago Medical Center*, 2023 WL 738060 (N.D. Ill. November 8, 2023), attached hereto as **Exhibit A,** in support of its Motion to Dismiss Plaintiff's Amended Complaint (D.I. 23) ("Motion").

In assessing the plaintiff's amended claims in the *Cousin* case, the District Court determined that the allegations concerning the detailed searches that were conducted by the plaintiffs for specialty healthcare providers and treatments of particular medical conditions were sufficient at the motion to dismiss stage to support the "content" element of California's wiretap act. *See* Exhibit A to the Notice at 9-10. Significantly, the recent *Cousin* decision does not address the primary argument advanced by Main Line Health that Plaintiff Smart's Electronic

Communications Privacy Act ("ECPA") claim fails as a matter of law because he has not alleged that there has been an unlawful "interception," a required element of his claim. Most recently, in *Hartley*, the United States District Court for the Northern District of Illinois dismissed the plaintiff's ECPA claim because the University of Chicago Medical Center was an intended party to the communications on its website. Thus, as a matter of law, the defendant could not have unlawfully intercepted the communications occurring on its website. *Hartley*, 2023 WL 738060, *1. The *Hartley* Court also held that there were insufficient factual allegations to support the application of the crime-tort exception. Plaintiff's Amended Complaint is similarly deficient. *Id.*

The *Hartley* decision is also instructive with respect to Plaintiff's intrusion upon seclusion claim. The *Hartley* Court dismissed a similar intrusion upon seclusion claim that was premised upon allegations that the University of Chicago Medical Center – through the use of the Meta Pixel on its website – caused information about Hartley's activity on the website to be disclosed to Meta without Hartley's consent. *Id.* at *2-3. The *Hartley* Court dismissed the intrusion upon seclusion claim with prejudice, holding that such allegations related to publication – and not any intrusion committed by the defendant. *Id.* Plaintiff's intrusion upon seclusion claim is similarly flawed and should be dismissed with prejudice.

Main Line Health could not have previously cited the *Hartley* decision in its Motion because it was published after the filing of the Motion and Reply. Main Line Health respectfully requests that its Motion to Dismiss Plaintiff's Amended Complaint be granted.

Dated: December 8, 2023

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Edward J. McAndrew*
Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435

Paul G. Karlsgodt (*PHV* forthcoming)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
T: (303) 764-4013
F: (303) 861-7805
Email: pkarlsgodt@bakerlaw.com

Elizabeth A. Scully (admitted *PHV*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
T: (202) 861-1500
F: (202) 861-1783
Email: escully@bakerlaw.com
*Attorneys for Defendant Main Line Health, Inc. d/b/a/ Main Line Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December 2023, I electronically filed the foregoing "Defendant Main Line Health Inc.'s Response to Plaintiff's Notice of Supplemental Authority" with the Court using the CM/EFC system, which will automatically serve all attorneys of record via the Court's CM/ECF System.

*/s/ Edward J. McAndrew*

Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435