**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID SMART,**<br>**Plaintiff,**<br>**v.**<br><br>**MAIN LINE HEALTH,**<br>**Defendant.** | **Case No. 22-cv-5239-KNS** |

**FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On March 27, 2023, Plaintiff filed a 22-page / 96-paragraph Amended Complaint against Defendant alleging detailed facts to support claims for violation of the Electronic Communications Privacy Act, negligence, and intrusion upon seclusion. *See* [Doc. 22].

On April 10, 2023, Defendant filed a Motion to Dismiss that repeatedly argued this Court should dismiss Plaintiff's intrusion upon seclusion claim because the healthcare-related communications at the heart of his claim took place on Defendant's "public-facing website." Def. Mem., pp. 1-3, 7-8, 11, 18 (emphasizing that Plaintiff's allegations relate only to the "use of Main Line Health's public website, which can be accessed at any time by patients and non-patients alike") [Doc. 39-1]. In its filing, Defendant expressly argued that:

> The crux of Plaintiff's allegations against Main Line Health is that it embedded Meta's proprietary tracking technology, *which then allegedly used some unidentified information about users of Main Line Health's public website* to provide advertising about services that may be of interest to them. By no stretch of the imagination does this allegation against Main Line Health equate to highly offensive conduct [supporting a privacy violation].

*Id.* at p. 18 (emphasis added).

On January 29, 2024, the U.S. District Court for the Northern District of California filed an opinion in *In re Meta Healthcare Pixel Litigation* that rejects this exact argument (*i.e.*, "because

the plaintiffs transmitted… healthcare information to their providers' websites through "publicly accessible" URLs… its retrieval of plaintiffs' information from those unprotected or public pages cannot support an invasion of privacy claim"). *In re Meta Healthcare Pixel Litigation*, Jan. 29, 2024 Order on Motion to Dismiss, p. 2 (Exhibit A). Specifically, the court denied the defendant's motion to dismiss the plaintiffs' intrusion upon seclusion claim, holding: "Plaintiffs' privacy claims are not foreclosed at this juncture in whole or part simply because their communications with their healthcare providers may have been through publicly available webpages… given that plaintiffs were communicating with their healthcare providers about their healthcare needs." *Id.* at p. 4 (Exhibit A).

The recent *In re Meta Healthcare Pixel Litigation* opinion directly undercuts Defendant's arguments against Plaintiff's intrusion upon seclusion claim in this case, and provides this Court with extensive, thoroughly-reasoned support to deny Defendant's Motion to Dismiss this claim.

Respectfully Submitted,

Dated: January 30, 2024

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLP**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: January 30, 2024 /s/ *David J. Cohen*