**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID SMART,** <br> **Plaintiff,** <br> **v.** <br><br> **MAIN LINE HEALTH,** <br> **Defendant.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **Case No. 22-cv-5239-KNS** |

**FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On March 27, 2023, Plaintiff filed a 22-page / 96-paragraph Amended Complaint against Defendant alleging detailed facts to support claims for violation of the Electronic Communications Privacy Act, negligence, and intrusion upon seclusion. *See* [Doc. 22].

On April 10, 2023, Defendant moved to dismiss Plaintiffs' Electronic Communications Privacy Act ("ECPA") claim under 18 U.S.C. § 2510 *et seq.*, because Plaintiffs' allegations that Main Line Health knowingly and intentionally disclosed individually-identifiable health information to Meta in violation of the ECPA are not plausible. Def. Mem., pp. 5-12 (arguing Defendant did not receive or transmit Plaintiff's health information to Meta, and has no liability for helping Meta "procure" this information) [Doc. 23-1]. On May 1, 2023, Defendant repeated and expanded upon these arguments in its Reply brief. Def. Reply, pp. 1-7 (claiming "the crime-tort exception is inapplicable" because "the alleged acts of 'disclosure' and 'interception' are one and the same" and the pixels "serve legitimate commercial purposes") [Doc. 26].[1]

[1] Plaintiffs have filed three other Notices supporting the propriety of their ECPA claim. *See* First Notice, *citing Doe v. Meta Platforms*, N.D. Ca. Case No. 22-cv-03580 *and Doe v. Regents of the Univ. of Calif.*, N.D. Ca. Case No. 23-cv-598 [Doc. 50]; Second Notice, *citing Cousin v. Sharp Healthcare*, S.D. Ca. Case No. 22-cv-2040-MMA-DDL [Doc. 53]; Third Notice, *citing Kurowski v. Rush Sys. for Health*, N.D. Ill. Case No. 22-c-5380 ("*Kurowski III*") [Doc. 54].

On March 19, 2024, the U.S. District Court for the Western District of New York filed an opinion in *Kane v. Univ. of Rochester*, a case involving similar facts and claims, that specifically considers and rejects these same arguments, finding "Plaintiff has plausibly alleged (1) that the information at issue is IIHI and… (2) that Defendant intercepted Plaintiffs' communications for the purpose of knowingly disclosing it to another person," and holding these allegations sufficient to meet the ECPA tort-crime exception. *Kane*, p. 6 ("Plaintiffs have plausibly alleged that Defendant's purpose was to commit an act that is punishable as a crime under 42 U.S.C § 1320d-6: knowingly disclosing IIHI without authorization for marketing purposes") (Exhibit A).

The opinion in *Kane* directly undercuts Defendant's arguments against Plaintiff's ECPA claim in this case and provides this Court with further grounds to deny Defendant's Motion to Dismiss this claim.

Respectfully Submitted,

Dated: March 22, 2024

<u>/s/ *David J. Cohen*</u>
David J. Cohen
**STEPHAN ZOURAS, LLP**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: January 30, 2024 /s/ *David J. Cohen*