IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID SMART,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MAIN LINE HEALTH and META PLATFORMS INC.,**<br><br>**Defendants.** | **Case No. 2:22-cv-05239-KNS** |

**DEFENDANT MAIN LINE HEALTH'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Main Line Health, by and through its counsel, hereby respectfully submits the following supplemental authority in support of its Motion to Dismiss Plaintiff's Second Amended Complaint. On February 29, 2024, the United States District Court for the Central District of California issued a decision granting a medical center's motion to dismiss a federal wiretapping claim premised on substantially similar factual allegations in *B.K. v. Eisenhower Medical Center*, No. EDVC 23-2092 (C.D. Cal. Feb. 29, 2024) (Exhibit A). Jefferson Health could not have previously cited this decision, which was issued after the filing of Jefferson Health's Reply in support of its Motion to Dismiss.

As in the instant case, the plaintiffs in *B.K.* alleged that the defendant medical center installed the Meta Pixel on its public website and patient portal, and thereby allowed Meta to intercept (or defendant disclosed to Meta) "details about their medical conditions, treatments and

providers sought, and appointments." *Id.* at *1. The *B.K.* plaintiffs further alleged that they used the defendant's website "to research healthcare, providers and communicate with them, research particular medical concerns and treatments, fill out forms and questionnaires, schedule and attend appointments, and perform other tasks related to specific medical inquiries and treatment." *Id.* at *2. They also "used the Patient Portal to refill prescriptions, look at bills and payments, and to see test results and notes from appointments." *Id.*

The *B.K.* court nonetheless granted the motion to dismiss the complaint. As relevant here, it dismissed a wiretapping claim under ECPA without leave to amend, as well as claims for invasion of privacy, breach of implied contract, negligence, and unjust enrichment. *Id.* at *5-9. Borrowing from its analysis dismissing the Plaintiffs' claim under the California Confidentiality of Medical Information Act, the court dismissed the ECPA wiretapping claim with prejudice because the plaintiffs failed to plausibly allege "what, if any, medical information or medical records were transmitted or disclosed." *Id.* at *4 & *5 n.5. Instead, the 90-page complaint included "less than four pages of vague allegations about Plaintiffs and their experiences with Defendant," and was "replete with conjectures and hypothetical scenarios and patients." *Id.* ("Plaintiffs fail to allege any specificity as to what medical information was allegedly disclosed or when it was disclosed.").

Although it needed not do so to dismiss the claim, the court went on to reject the plaintiffs' argument that the crime-tort exception saved their ECPA claim. The court first noted that "[v]arious courts have held that a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the propose of a tortious or criminal act that is *independent* of the intentional act of recording or interception itself. *Id.* at *5. Although the plaintiffs alleged that the defendant engaged in the interception "for Defendant's commercial

purpose," they did not "allege that this purpose constitutes independently illegal or actionable conduct such that the party exception in inapplicable." *Id.*

The court next dismissed the plaintiffs' invasion of privacy claim for failure to plead facts supporting an inference of "highly offensive conduct." *Id.* at *6-7. The court could "only interpret that Plaintiffs used Defendant's Website for routine medical searches and inquiries," because they did not sufficiently plead that the defendant disclosed confidential medical information. *Id.*

The court then dismissed the plaintiffs' breach of implied contract claim for lack of cognizable damages. *See id.* at *7. As in the instant case (albeit as to other causes of action), the plaintiffs argued that their personal information lost value because of the alleged interception. The court explained that "[p]laintiffs have not persuasively alleged that they 'reasonably expect[ed] that they would be compensated for the 'value' of their personal information" when they used the medical center's website and patient portal. *Id.* Nor had they alleged that they "have been foreclosed from opportunities to capitalize on the value of their personal information." *Id.*[1]

---

[1] The Court dismissed the negligence claim for the same deficiencies – *i.e.*, insufficient allegations of an actual interception or disclosure of sensitive information and rejection of the diminution in value of personal information theory of damages. *See id.* at *8.

Dated: April 24, 2024

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Edward J. McAndrew*
Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435

Paul G. Karlsgodt (*PHV* forthcoming)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
T: (303) 764-4013
F: (303) 861-7805
Email: pkarlsgodt@bakerlaw.com

Elizabeth A. Scully (admitted *PHV*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: escully@bakerlaw.com

*Attorneys for Defendant Main Line Health, Inc. d/b/a/ Main Line Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April 2024, I electronically filed the foregoing Notice of Supplemental Authority with the Court using the CM/EFC system, which will automatically serve all attorneys of record via the Court's CM/ECF System.

*/s/ Edward J. McAndrew*

Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435