**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID SMART,**<br>**Plaintiff,**<br>**v.**<br>**MAIN LINE HEALTH,**<br>**Defendant.** | **Case No. 22-cv-5239-KNS** |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

David Smart ("Plaintiff") respectfully submits this Notice in further opposition to Defendant's Motion to Dismiss his Second Amended Complaint [Doc. 42].

On August 7, 2024, Defendant moved to dismiss the ECPA and negligence claims in Plaintiff's Second Amended Complaint, arguing he had not properly pled the requisite facts. Def. Mem., pp. 4-19 [Doc. 39-1]. Plaintiff filed his Opposition to Defendant's Motion last week. *See* Motion to Dismiss Opposition [Doc. 43]

Just two days ago, on September 9, 2024, U.S. District Judge Virginia Kendall issued a memorandum opinion denying a healthcare defendant's motion to dismiss ECPA and negligence claims pled in a virtually-identical class action lawsuit alleging the surreptitious collection and disclosure of patient information to third parties using website tracking technologies. *See A.D. v. Aspen Dental Mgmt., Inc.*, 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024) (Exhibit A).

The *Aspen Dental* opinion is relevant to Plaintiffs' Opposition, because its reasoning equally supports the adequacy of Plaintiffs' ECPA and negligence allegations, undermines the adequacy of Defendant's arguments against these claims, and supports the denial of Defendant's Motion. *Aspen Dental*, 2024 WL 4119153 at *2-3 & 9.

Concerning the ECPA claim, Judge Kendall concluded that the plaintiffs adequately plead a violation of HIPAA based on the defendant's disclosure of protected health information, *id*. at *2-3, which was accomplished using the same technology Plaintiffs allege Jefferson Health deployed on its Web Properties and Defendant does not deny using. Judge Kendall further held that the plaintiffs adequately plead facts supporting application of the crime-tort exception because the purpose "cannot be detached from the reality that Aspen achieved this improved marketing and revenue boost by disclosing Plaintiffs IIHI." *Id.* at *3. Thus, financial motivation is sufficient to invoke the crime-tort exception of the ECPA when the underlying conduct violates HIPAA. *Id.*

Concerning the negligence claim, Judge Kendall concluded that the defendant assumed a duty to exercise reasonable care by making representations that it would not disclose plaintiffs' private information without their consent. *Id.* at *9. Because the complaint alleged, as in this case, that the defendant disseminated the plaintiffs' personal information without consent, their complaint alleged a plausible duty to prevent the disclosure of private health information. *Id.*

In sum, Judge Kendall's opinion in *A.D. v. Aspen Dental Mgmt., Inc.* provides this Court with additional grounds to deny Defendant's Motion.

Respectfully Submitted,

Dated: September 11, 2024

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLC**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020

Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: September 11, 2024 /s/ *David J. Cohen*