**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID SMART,** **Plaintiff,** v. **MAIN LINE HEALTH,** **Defendant.** | : : : : : : : : | **Case No. 22-cv-5239-KNS** |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

David Smart ("Plaintiff") respectfully submits this Sur-Reply to answer the arguments in Defendant's Reply memo that *American Hospital Association v. Becerra*, 2024 WL 3075865 (N.D. Tex. June 20, 2024) ("*Becerra*") and *T.D. v. Piedmont Healthcare, Inc.*, 2024 WL 3972984, *2 (N.D. Ga. Aug. 28, 2024) ("*Piedmont Healthcare*") support the dismissal of Plaintiff's claims.

**1. *Becerra* has no bearing on Plaintiff's claims, so does not provide a sound basis for dismissal**

Defendant supports its latest Motion to Dismiss by repeatedly citing the decision in *Becerra*, a recent, novel, and otherwise uncorroborated decision from the Northern District of Texas. *See* Reply, pp. 1-3, 5 (n.4), 9-10 [Doc. 79-2]. Defendant argues *Becerra* holds "the HIPAA Privacy Rule is inapplicable to the website browsing activity alleged in the SAC," suggesting this means "all of Plaintiff's claims fail as a matter of law." *Id.* at p.3. Defendant makes these arguments despite knowing that Plaintiff's TAC mentions or references the "OCR Bulletin" at issue in *Becerra* in no more than seven paragraphs of his 267-paragraph filing, *see* SAC at ¶¶ 119-122, 124-126 [Doc. 39], and that the OCR bulletin has nothing to do with any of his claims, or their elements. *Id.* at ¶¶ 207-267 (ECPA, privacy and negligence allegations).

In *Becerra*, the court evaluated whether the Department of Health and Human Services ("HHS") exceeded its authority when it issued guidance (the December 2022 "Original Bulletin" and March 2024 "Revised Bulletin") relating to the situation where an online technology connects an individual's IP address with a visit to an unauthenticated public website addressing specific health conditions or healthcare providers (the "Proscribed Combination"). *Becerra,* 2024 WL 3075865, *2. *Becerra* focuses on whether this "Proscribed Combination" is an example that highlights existing privacy concerns reflected in the HIPAA Privacy Rule, as HHS contended, or suggested a new obligation, as the plaintiff healthcare entities contended. *Id.* at *6.[1]

By contrast, Plaintiff's claims in this case do *not* focus on his use of unauthenticated or public websites and the concomitant disclosure of his IP addresses. Instead, Plaintiff's claims challenge Defendant's use of tracking technologies to collect and disclose his Private Information to third parties without his consent. *See* TAC at ¶¶ 330-397 (Defendant intentionally installed tracking technology on the Main Line HealthWebsite to disclose the content of Plaintiff's protected communications to third parties without consent, in violation of HIPAA, multiple duties of care, and Plaintiff's justifiable expectation of privacy).

*Becerra* does not diminish Defendant's obligation to protect its Website Users' private information, give Defendant free reign to collect and disclose private information to third parties as it wishes, or create any legal exception for companies that disclose users' private information without their consent. Instead, *Becerra* reinforces virtually all aspects of the OCR Guidance – including principles that users have a reasonable expectation of privacy when they search for conditions and treatments related to their medical care, book appointments, or pay medical bills

[1] "Much hinges on that distinction. If the Proscribed Combination isn't IIHI, the Privacy Rule doesn't apply. On the other hand, if the Proscribed Combination constitutes IIHI, covered entities have a host of legal obligations to ensure HIPAA compliance. And if the Proscribed Combination is novel, as the Hospitals contend, then these legal obligations are necessarily new" (cleaned up).

and that using tracking technologies to share private information with third parties violates privacy rights. *Becerra,* 2024 WL 3075865 at *2, 4 and (n.3).[2] Because *Becerra* does not change any fact or issue at the heart of Plaintiff's ECPA claim, it does not support or justify Defendant's request for dismissal.

**2. *Piedmont Healthcare* does not engage in any factual or legal analysis of any issue presented by Plaintiff's claims and mistakenly cites many cases for holdings they do not present, so does not merit this Court's consideration or deference or support dismissal**

*Piedmont Healthcare* is similarly uninformative to this Court's reconsideration decision. In *Piedmont Healthcare*, a decision from the Northern District of Georgia, the court dismissed the plaintiff's invasion of privacy claim in conclusory fashion, without any discussion of the relevant facts or legal analysis, merely citing five district court decisions from different states and concluding: "cases like this have sprouted like weeds in recent years. In the Court's view, it seems that the weight of authority in similar pixel tracking cases is now solidly in favor of [the hospital]'s argument." *Piedmont Healthcare*, 2024 WL 3972984 at *2. The *Piedmont Healthcare* court's failure to consider (much less discuss or analyze) the procedural posture, factual allegations, or legal issues presented by the plaintiffs' privacy claims – either in the case before it, or the others it cites – seriously limit its usefulness as a guide for this Court's privacy analysis.

Furthermore, although *Piedmont Healthcare* cites five cases in support of its decision to dismiss the plaintiffs' privacy claims,[3] three of these cases (*Nienaber*, *Okash*, and *In re Grp. Health*

[2] Furthermore, *Becerra* has no impact on the Federal Trade Commission bulletin on the same topics, or on the FTC's numerous enforcement actions against healthcare providers for committing the same acts at issue here. *See* SAC at ¶¶ 128-130 (discussing FTC bulletin and enforcement actions) [Doc. 39].

[3] *Nienaber v. Overlake Hosp. Med. Ctr.*, 2024 WL 2133709 (W.D. Wash. May 13, 2024); *Okash v. Essentia Health*, 2024 WL 1285779 (D. Minn. Mar. 26, 2024); *Allen v. Novant Health, Inc.*, 2023 WL 5486240 (M.D.N.C. Aug. 24, 2023); *In re Group Health Plan Litig.*, 709 F. Supp. 3d

*Plan Litig.*) actually undermine the court's decision that privacy claims do not belong in pixel litigation. *See Nienaber*, 2024 WL 2133709 at *18 (allowing leave to amend privacy claim); *Okash*, 2024 WL 1285779 at *7 (same); *In re Grp. Health Plan Litig.*, 2023 WL 8850243 at *5 (plaintiffs adequately alleged that embedding pixels on defendant's website was an intentional invasion of privacy supporting their privacy claim).

Nor is the *Piedmont Healthcare* court's ECPA holding any more instructive or useful. *Piedmont Healthcare* acknowledges the ECPA's "crime-tort exception," and that the plaintiffs have pled "Piedmont acted with criminal and tortious intent in 'wiretapping' their PII and PHI." However, as above, the court dismissed the plaintiff's ECPA claim in conclusory fashion, without any discussion of the relevant facts or legal analysis, merely citing seven district court decisions from different states and concluding: "As was the case in the invasion of privacy context, the weight of persuasive authority in similar pixel tracking cases supports Piedmont's position." *Piedmont Healthcare*, 2024 WL 3972984 at *4. The *Piedmont* court's failure to discuss or analyze any aspect of the procedural posture, factual allegations, or legal issues presented by any ECPA claim – either the claim before it, or the ones in the cases it relies on – render it useless as a guide in this Court's analysis.

Furthermore, three of the seven cases *Piedmont Healthcare* cites as a basis for dismissing the plaintiff's ECPA claim actually granted leave to amend this claim.[4] – and the remaining cases it cites do not support an across-the-board dismissal of claims applied in *Piedmont Healthcare*. *See In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125 (3d Cir. 2015)

707 (D. Minn. 2023); *Kurowski v. Rush System for Health*, 659 F. Supp. 3d 931 (N.D. Ill. 2023).

[4] *See Okash v. Essentia Health*, 2024 WL 1285779, *7 (D. Minn. Mar. 26, 2024) (granting leave to amend ECPA claim); *Nienaber*, 2024 WL 2133709 at *18 (same); *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1273 (N.D. Cal. 2001) (same).

(vacating dismissal of plaintiffs' privacy claims); *Allen*, 2023 WL 5486240 at *6 (M.D.N.C. Aug. 24, 2023) (denying motion to dismiss plaintiffs' breach of implied contract, and breach of fiduciary duty claims); *Kurowski*, 659 F. Supp. 3d at 942-43 (denying motion to dismiss plaintiffs' deceptive trade practices claims). One of the cases the judge in *Piedmont Healthcare* cites is *Santoro v. Tower Health*, a pixel ECPA case in this court where the motion to dismiss decision was followed by a motion for reconsideration and the filing of an amended complaint. *See Santoro v. Tower Health*, E.D. Pa. Case No. 22-cv-4580-JFM, May 8, 2024 Reconsideration Motion [Doc. 73]. *Santoro* is an excellent example of the lack of rigor exercised in *Piedmont Healthcare* since, had that court cared to look, it would have seen the plaintiff's pending motion and realized the court's April 24, 2024 dismissal order was not a settled decision. Because *Piedmont Healthcare* represents a particularly lax attempt at factual or legal analysis of the relevant issues and clearly relies on incorrect assumptions about cited precedent, it does not merit this Court's consideration or deference in analyzing Defendant's Motion to Dismiss.

Respectfully Submitted,

Dated: September 24, 2024

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLC**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Michael Casas (*pro hac vice*)
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: September 24, 2024 /s/ *David J. Cohen*