**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID SMART,**<br>**Plaintiff,**<br>**v.**<br><br>**MAIN LINE HEALTH and META PLATFORMS INC.,**<br>**Defendants.** | **Case No. 2:22-cv-05239-KNS** |

**DEFENDANT MAIN LINE HEALTH, INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Main Line Health, Inc.[1] ("Main Line Health"), by and through the undersigned counsel, hereby respectfully submits this Notice of Supplemental Authority in Support of its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint. *See* Def. Mot. to Dismiss, ECF 42. The recent decision in *K. L. v. Legacy Health*, No. 3:23-cv-01886-SI (D. Or. Nov. 14, 2024) ("*Legacy Health*") supports the dismissal of Plaintiff's Electronic Communications Privacy Act of 1986 ("ECPA") and negligence claims because his allegations regarding mere browsing on a public website are insufficient as a matter of law to constitute protected health information. *Legacy Health* and the recent decision in *Doe v. Village Podiatry Group, LLC*, No. 2023CV383709 (Ga. Super. Ct. Nov. 20, 2024) ("*Village Podiatry*") also support the dismissal of Plaintiff's intrusion upon seclusion claim because a health system cannot intrude on information voluntarily provided to it by the plaintiff.

The District of Oregon's decision in *Legacy Health* joins a growing number of courts that have found that public website browsing information is not protected health information ("PHI") subject to the protection of the Health Insurance Portability and Accountability Act ("HIPAA").

[1] Plaintiff has incorrectly named Defendant as Main Line Health.

*See* Def. Mem. in Supp. of Mot. to Dismiss at 12–13, ECF 42-1; *see generally* Def. Am. Not. of Supp. Auth., ECF 49 (collecting cases). On November 14, 2024, the District of Oregon granted dismissal of factually similar ECPA and negligence claims, *inter alia*, based upon allegations regarding the plaintiff's use of the healthcare system's public website, and distinguishing those allegations from the allegations related to the patient portal. *See generally*, Exhibit 1, *Legacy Health*, No. 3:23-cv-01886-SI (D. Or. Nov. 14, 2024).

Critically, the distinction in the court's decision relied on the differences between the protection afforded to information as a result of browsing on the patient portal versus the public website. *See id.* at 8 ("Because the Court sees a ***meaningful difference*** between searches conducted on a website accessible to anyone and a private portal provided to an individual patient, the Court separately analyzes Plaintiff's claims with respect to the Public Website and the Patient Portal.") (emphasis added). Regarding the public website, the court found that "generic search queries created during such browsing activity [on the public website], however, ***do not constitute PHI***." *Id.* (collecting cases, emphasis added). This was in stark contrast to the court's analysis of browsing on the patient portal, where the court found plaintiff's allegations were sufficient to allege that activity on the patient portal constituted PHI. *See id.* at 9–10. As a natural result of the court's finding that browsing information on the public website is not PHI, the court found the plaintiff was unable to sustain her arguments regarding the crime tort exception to the ECPA. The court explained, "[b]ecause the [crime tort exception] is triggered either by a HIPAA violation or by a breach of confidence—both of which occur when a party discloses PHI—Plaintiff's ECPA claim … may not proceed with respect to alleged disclosures from the Public Website." *Id.* at 12. The court similarly dismissed plaintiff's negligence claim regarding the public website, under Oregon law, finding that the plaintiff only sufficiently pled that defendant owed plaintiff a duty

with regards to her PHI, which it noted earlier did not include the public website browsing activity at issue. *See id.* at 19.

*Legacy Health*'s finding that public browsing information is not PHI underscores the fundamental difference between Plaintiff's allegations in this case, which are limited to browsing on Main Line Health's public website, and the decision in *Murphy v. Thomas Jefferson University Hospitals, Inc.*, No. 22-cv-4674 (E.D. Pa. Sept. 30, 2024), which was based on allegations that included facts regarding browsing on the patient portal and mobile application. As the *Legacy Health* court and others have explained, Plaintiff's allegations regarding the URLs created by his browsing on the public website, without allegations regarding the patient portal, are not PHI protected by HIPAA, and therefore are not sufficient allegations to sustain his ECPA and negligence claims.

*Legacy Health* also supports dismissal of Plaintiff's intrusion upon seclusion claim. The court found, under analogous Oregon law, that plaintiff's allegations regarding both the patient portal and public website "fall short of an intentional intrusion." *See* Exhibit 1 at 13. The court reasoned that there was no intentional intrusion by the defendant because "Plaintiff voluntarily accepted giving and receiving her PHI with Defendant on Defendant's website," therefore, "[i]t is not an underlying intrusion on Plaintiff's seclusion." *Id.* at 14. Similarly, the *Village Podiatry* court dismissed that plaintiff's invasion of privacy claim under Georgia law for the same reason. *See* Exhibit 2, *Doe v. Village Podiatry Group, LLC*, No. 2023CV383709 at 5 (Ga. Super. Ct. Nov. 20, 2024) (explaining, "[t]here is no intrusion upon privacy when a patient voluntarily provides personally identifiable information and protected health information to his or her healthcare provider.") (citations omitted). These decisions mirror Main Line Health's argument that Plaintiff's intrusion upon seclusion claim fails as a matter of law because Main Line Health was permitted to

access or receive Plaintiff's information. *See* Def. Mem. in Supp. of Mot. to Dismiss at 19–21, ECF 42-1; Def. Reply in Supp. of Mot. to Dismiss at 8–9, ECF 45.

Dated: December 10, 2024

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Edward J. McAndrew*
Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435

Paul G. Karlsgodt (*PHV* forthcoming)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
T: (303) 764-4013
F: (303) 861-7805
Email: pkarlsgodt@bakerlaw.com

Elizabeth A. Scully (admitted *PHV*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: escully@bakerlaw.com

*Attorneys for Defendant Main Line Health, Inc. d/b/a Main Line Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of December 2024, I electronically filed the foregoing with the Court using the CM/EFC system, which will automatically serve all attorneys of record via the Court's CM/ECF System.

*/s/ Edward J. McAndrew*

Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435