**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID SMART,**<br>**Plaintiff,**<br>**v.**<br>**MAIN LINE HEALTH,**<br>**Defendant.** | **Case No. 22-cv-5239-KNS** |

**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SAC**

David Smart ("Plaintiff") respectfully submits his Third Notice in further opposition to Defendant's Motion to Dismiss his Second Amended Complaint [Doc. 42].

On August 7, 2024, Defendant moved to dismiss the ECPA, negligence, and privacy claims in Plaintiff's Second Amended Complaint, arguing he had not properly pled the requisite facts. Def. Mem., pp. 4-24 [Doc. 42-1]. On September 6, 2024, Plaintiff filed his Opposition to Defendant's Motion. *See* Motion to Dismiss Opposition [Doc. 43-2]

On January 13, 2025, Judge Otis Wright of the Central District of California issued an Order denying a healthcare system's motion to dismiss an ECPA claim pled in a virtually-identical class action lawsuit alleging the surreptitious collection and disclosure of patient information to third parties using website tracking technologies. *See R.S. v. Prime Healthcare Services, Inc.*, C.D. Pa. Case No. 24-cv-330-ODW, Jan. 13, 2025 Order (Exhibit A). *Prime Healthcare* is highly relevant to Defendant's Motion to Dismiss in this case, because it contains extensive reasoning that supports both the adequacy and viability of Plaintiff's ECPA claim based on virtually-identical facts. *See Prime Healthcare*, Jan. 13, 2025 Order at *2-7 (Exhibit A).

### 1. *Prime Healthcare* Suggests Plaintiffs' ECPA Claim is Sufficient

In *Prime Healthcare,* Judge Wright concluded the plaintiff adequately plead an ECPA violation based on allegations describing the defendant's interception of protected health information "for the purpose of committing any criminal or tortious act:"

> R.S. alleges that, at the time it intercepted her communications, Prime Healthcare had the purpose to disclose private health information without her consent in violation of HIPAA.
>
> …
>
> According to R.S., "Prime Healthcare intentionally configured Pixels installed on its Web Properties to capture both the characteristics of individual patients' communications" and the "content of these communications."
>
> ….
>
> R.S. plausibly alleges that Prime Healthcare intercepted her Private Information with the purpose of violating HIPAA. HIPAA prohibits a "covered entity," including healthcare providers like Prime Healthcare, from knowingly "disclos[ing] individually identifiable health information to another person." R.S. alleges that Prime Healthcare—through the Pixels—intended to collect her Private Information, including her medical conditions, treatment details, appointment information, and the physician she selected, and to disclose this Private Information to third parties, including Facebook. The Private Information falls under HIPAA's definition of "individually identifiable" information, which includes data "created or received by a health care provider" that "[r]elates to the past, present, or future physical or mental health or condition of an individual" or to the "provision of health care to an individual."

*Id.* at *4-5 (ECPA claim supported by allegations that "at the time Prime Healthcare intercepted R.S.'s Private Information, it had the intent to disclose that information in violation of HIPAA… [and] Prime Healthcare intended to violate HIPAA by disclosing Private Information to third parties." (Exhibit A).

Similar allegations are found throughout Plaintiff's SAC. *See* SAC ¶¶ 47, 114-115, 181-193, 211-231 [Doc. 39] (describing Defendant's intentional configuration of pixels to capture

protected information from patients' communications for the criminal purpose of disclosing this information to third parties in violation of HIPAA).

Judge Wright also specifically rejected Prime Healthcare's argument that the ECPA crime-tort exception did not apply because "it was motivated to use the Pixels to increase profit and advance marketing, not to commit a crime or tort:"

> The Court joins those courts that have held a monetary purpose does not insulate a party from liability under the ECPA, at least at the motion to dismiss stage. Here, R.S. alleges that Prime Healthcare was aware that disclosing intercepted Private Information violates HIPAA but chose to do so for "marketing and analytics purposes," to generate profit. Prime Healthcare's financial gain was contingent on disclosing HIPAA-protected information to third parties. Legitimate objectives, like increasing revenue, do not shield a party from liability for crimes or torts committed in the process.

*Prime Healthcare*, Jan. 13, 2025 Order at *7 (citing cases) (Exhibit A).[1]

Allegations that Defendant's conduct satisfies the ECPA crime-tort exception are found throughout Plaintiff's SAC. *See* SAC ¶¶ 114, 223-231 [Doc. 39] (alleging Defendant engaged in

[1] The Court offered an example that obviously undermined the defendant's reasoning:

> Take blackmail, which the Ninth Circuit gave as an example of an ECPA violation. Under Prime Healthcare's reading, the ECPA would not prohibit a person from intercepting a communication with the intent to use that communication to blackmail so long as the ultimate reason for the blackmail was to make money. There, the interceptor's primary purpose would be to make money. And blackmail would merely be a means by which to make money. Of course, this is often the end goal for blackmail. Under Prime Healthcare's reading, blackmail would rarely, if ever, violate the ECPA. This cannot be the case.
>
> So too with HIPAA violations. While Prime Healthcare's goal in violating HIPAA may have been to make money, as alleged, its purpose of intercepting R.S.'s Private Information, as alleged, was to disclose it to third parties. Prime Healthcare's financial motivation for disclosing R.S.'s Private Information does not immunize it from liability under the ECPA.

*Prime Healthcare*, Jan. 13, 2025 Order at *7 (cites omitted) (Exhibit A).

conduct violating several federal and state constitutional and statutory provisions, including HIPAA and the federal wire fraud statute, by intentionally disclosing individually-identifiable health information without authorization and with intent to sell transfer or use it for commercial advantage or personal gain).

**2. Conclusion**

In sum, Judge Wright's opinion in *Prime Healthcare* provides this Court with extensive and well-reasoned grounds to deny Defendant's Motion and allow Plaintiff to pursue the ECPA claim pled in his Second Amended Complaint.

Respectfully Submitted,

Dated: February 21, 2025

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLC**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

James B. Zouras (*pro hac vice*)
Michael Casas (*pro hac vice*)
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: February 21, 2025 /s/ *David J. Cohen*