**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID SMART,** Plaintiff, v. **MAIN LINE HEALTH,** Defendant. | : : : : : : : : | **Case No. 22-cv-5239-KNS** |

**FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SAC**

David Smart ("Plaintiff") respectfully submits this Fourth Notice in further opposition to Defendant's Motion to Dismiss his Second Amended Complaint [Doc. 42].

On August 7, 2024, Defendant moved to dismiss the ECPA, negligence, and privacy claims in Plaintiff's Second Amended Complaint, arguing he had not properly pled the requisite facts. Def. Mem., pp. 4-24 [Doc. 42-1]. On September 6, 2024, Plaintiff filed his Opposition to Defendant's Motion. *See* Motion to Dismiss Opposition [Doc. 43-2]

On February 21, 2025, N.D. Ill. District Judge Steven Seeger issued a Memorandum Opinion and Order denying a local healthcare system's motion to dismiss ECPA and negligence claims pled in a virtually-identical class action lawsuit alleging the surreptitious collection and disclosure of patient information to third parties using website tracking technologies. *See Stein v. Edward-Elmhurst health.*, N.D. Ill. Case No. 23-cv-14515, Feb. 21, 2025 Opinion (Exhibit A). *Stein* is highly relevant to Defendant's Motion to Dismiss in this case, because it contains extensive reasoning that supports both the adequacy and viability of Plaintiffs' ECPA and negligence claims based on virtually-identical facts. *See Stein*, Feb. 21, 2025 Opinion at pp. 5-12 (ECPA claim), pp. 15-17 (negligence claim) (Exhibit A).

**1. *Stein* Suggests Plaintiff's ECPA Claim is Sufficient**

Judge Seeger focused on the same question Defendant posed here: whether the plaintiff's allegations satisfy the ECPA's crime-tort exception. *Stein,* Feb. 21, 2025 Opinion at p.7 ("a party to the conversation is free to intercept its own communications, unless it does so for the purpose of committing an act that is a crime or a tort. And the crime or tort cannot be the interception itself") (Exhibit A). Judge Seeger offered an entertaining hypothetical:

> To illustrate the statute, consider a hypothetical about jaywalking. Imagine if the City of Chicago banned jaywalking, with one exception. Imagine if the City of Chicago allowed jaywalking if a person is by himself, unless that person jaywalks for the purpose of committing a crime or tort.
>
> Suppose that the Joker jaywalked by himself for the purpose of robbing Gotham Bank across the street. In that scenario, the "crime or tort" is not the jaywalking. The crime or tort is the bank robbery. So the carve-out to the exception would apply. And Commissioner Gordon could give the Joker a ticket for jaywalking (in addition to arresting him for robbing the bank).
>
> But imagine if the Joker jaywalked by himself for the purpose of saying hello to the Penguin across the street. Saying hello to the Penguin is not a crime or a tort. So, the carve-out to the exception would not apply. In that situation, the Joker would not violate the jaywalking ordinance – he jaywalked, but he was by himself, and he didn't jaywalk to commit a crime or tort.

*Id.*

Against this backdrop, Judge Seeger reviewed the plaintiff's complaint, found allegations the defendant had violated the Health Insurance Portability and Accountability Act ("HIPAA") by disclosing patients' individually identifiable health information to a third party, and held the crime-tort exemption satisfied, citing many cases that have reached the same result. *Id.* at pp.8-9, *citing Strong v. LifeStance Health Grp. Inc.,* 2025 WL 317552, *5 (D. Ariz. 2025); *Castillo v. CostCo Wholesale Corp.,* 2024 WL 4785136, *7 (W.D. Wash. 2024); *Gay v. Garnet Health,* 2024 WL

4203263, *3–4 (S.D.N.Y. 2024); *Smith v. Loyola Univ. Med. Ctr.*, 2024 WL 3338941, at *7 (N.D. Ill. 2024); *Sweat v. Houston Methodist Hosp.*, 2024 WL 3070184, *4 (S.D. Tex. 2024); *Kane v. University of Rochester*, 2024 WL 1178340, at *7 (W.D.N.Y. 2024); *Kurowski v. Rush System for Health*, 2023 WL 8544084, at *3 (N.D. Ill. 2023); *In re Grp. Health Plan Litig.*, 709 F. Supp. 3d 707, 719 (D. Minn. 2023).

Judge Seeger went on to address the defendant's additional argument that the crime-tort exception was not met because its "underlying motivation is financial, not criminal or tortious." *Id*. at pp. 10-11 (Exhibit A). The court found this position "difficult to square with the statutory text [because] the language of the statute gives no hint that conduct falls outside the reach of the statute if a person acted based on financial motivations." *Id*. at pp. 10-11 (Exhibit A).[1] Because the allegations Judge Seeger found sufficient to plead an ECPA claim in *Stein* are materially similar to those pled here, *Stein* provides strong support for this Court to deny Defendant's Motion to Dismiss.

**2. *Stein* Suggests Plaintiff's Negligence Claim is Sufficient**

In *Stein*, as here, the defendant sought to dismiss the plaintiff's negligence claim due to the lack of an applicable duty of care. *Stein*, Feb. 21, 2025 Opinion at p. 15 (Exhibit A). After considering the parties' arguments, *Stein* concluded that state law "imposes a duty on data collectors to maintain reasonable security measures" and held the plaintiff's allegations sufficient to support a duty of care. *Id.* at pp. 16-17 ("The collection of private health data is enough to give rise to a duty of care…. A health provider that has private medical information in its hands must handle with care), *citing Smith v. Loyola Univ. Med. Ctr.*, 2024 WL 3338941, *7 (N.D. Ill. 2024).

[1] "The 'act' must be criminal or tortious, but the 'purpose' does not need to be criminal or tortious. Even if the carve-out required a criminal or tortious purpose, it would be odd to exclude an otherwise criminal or tortious act solely because it was also motivated by financial gain."

Because the allegations Judge Seeger found sufficient to plead a negligence claim in *Stein* are materially similar to those pled here, *Stein* provides strong support for this Court to deny Defendant's Motion to Dismiss.

**3. Conclusion**

In sum, Judge Seeger's opinion in *Stein* provides this Court with several, persuasive, well-reasoned grounds to deny Defendant's Motion to Dismiss and allow Plaintiff to pursue the plausibly-pled ECPA and negligence claims in his Second Amended Complaint.

Respectfully Submitted,

Dated: February 24, 2025

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLC**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

James B. Zouras (*pro hac vice*)
Michael Casas (*pro hac vice*)
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: February 24, 2025 /s/ *David J. Cohen*