**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID SMART,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MAIN LINE HEALTH,**<br><br>**Defendant.** | **Case No. 2:22-cv-05239-KNS** |

**DEFENDANT MAIN LINE HEALTH, INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Main Line Health, Inc.[1] ("Main Line Health"), by and through the undersigned counsel, hereby respectfully submits this Notice of Supplemental Authority in support of its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint:

- *Okash v. Essentia Health*, No. 23-CV-000482, 2025 WL 642913 (D. Minn. Feb. 27, 2025), ("*Essentia Health*") attached hereto as **Exhibit A;**
- *Jane Doe v. Genesis Health System*, No. 4:23-CV-04209, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) ("*Genesis Health Sys.*"), attached hereto as **Exhibit B**;
- *Roberts v. Charlotte Mecklenburg Hosp. Auth.*, 3:24-CV-00382, 2025 WL 880538 (W.D.N.C. Mar. 20, 2025), *appeal docketed* No. 25-1420 (4th Cir. Apr. 18, 2025) ("*Charlotte Mecklenburg Hosp.*"), attached hereto as **Exhibit C**;
- *Doe 1 v. Chestnut Health Sys., Inc.*, No. 1:24-CV-01475, 2025 WL 1616635 (C.D. Ill. June

[1] Plaintiff has incorrectly named Defendant as Main Line Health.

6, 2025) ("*Chestnut Health*"), attached hereto as **Exhibit D;**

- *Goulart et al. v. Cape Cod Healthcare, Inc.*, No. 25-CV-10445, 2025 WL 1745732 (D. Mass. June 24, 2025), ("*Cape Cod*"), attached hereto as **Exhibit E**;
- *Doe v. Lawrence Gen. Hosp.*, No. 25-CV-10081, 2025 WL 2808055 (D. Mass. Aug. 29, 2025) ("*Lawrence General*"), attached hereto as **Exhibit F**; and
- *Doe v. Lawrence Gen. Hosp.*, No. 25-CV-10081, 2025 WL 2807673 (D. Mass. Sept. 30, 2025), attached hereto to as **Exhibit G.**

These cases provide instructive and persuasive analysis of the crime-tort exception to the Electronic Communications Privacy Act ("ECPA") and lend further support to Main Line Health's argument that Plaintiff's ECPA claim should be dismissed.

In *Chestnut Health*, the plaintiffs alleged, similar to the Plaintiff's allegations in his Second Amended Complaint (¶¶ 170-175), that the defendant's health care system used Facebook technologies on its website "for the purpose of creating targeted online advertisements and enhanced marketing services," purportedly in violation of HIPPA and other alleged torts. In finding that the crime-tort exception did not apply, the Court held that marketing as a purpose is not tortious or criminal conduct. Ex. D, *Chestnut Health*, 2025 WL 1616635, at *12. The court further addressed that to invoke the crime-tort exception, the plaintiff must allege that the party intercepted a communication for the purpose of a tortious or criminal act that is *independent* of the interception. *Id.* The court found that plaintiffs' allegations, like here, are based on allegations that arise directly from the act of interception itself, and are therefore insufficient to invoke the crime-tort exception. *Id.* The U.S. District Court for the District of Minnesota ruled the same way and dismissed another plaintiff's similarly pled ECPA claim. *See* Ex. A, *Essentia Health*, 2025 WL 642913, at *3–4 (dismissing ECPA claim finding that there "was no obvious crime or tort

sufficiently independent from the initial interception of data to trigger Wiretap Act liability").

On August 29, 2025, Magistrate Judge Paul G. Levenson similarly issued an extensive report and recommendation recommending the dismissal of plaintiff's ECPA claim concerning the alleged use of web tracking technologies because the alleged crime or tort was not "separate and independent" from the interception and, therefore, the allegations did not support a finding that the interception was made *for the purpose* of committing any criminal or tortious act. Ex. F., *Lawrence General*, 2025 WL 2808055, at *12–13. He also addressed the ECPA's "heightened intent standard, which requires that acts be done 'for the purpose' of committing a crime or tort." *Id.* at *13. He concluded that the "mere fact that a website operator may be said to have 'knowingly' disclosed IIHI, does not plausibly support an inference that the making of such disclosures was the website operator's 'purpose.'" *Id.* at *16. In reaching the decision, he noted:

> The Complaint contains no allegations that [the healthcare provider] ever entertained a conscious purpose of disclosing the identities of its patients or their treatments to Google or Meta. Nor can such an inference be gleaned from the well-pleaded factual allegations of the Complaint. This, however, is an essential component of the ECPA's mens rea element, which expressly requires that a consented-to interception be "for the purpose" of committing a crime or tort.

*Id.* at *17.

He also addressed the two decisions cited in Plaintiff's Third and Fourth Notices of Supplemental Authority (ECF Nos. 51 and 52) and the argument that alleged HIPAA violations are separate independent acts for the crime-tort exception, concluding that "these decisions seem to ignore the fact that, although two statutes are involved (ECPA, for interception, and HIPAA, for the disclosure), there is only one act: Deploying a web tracking tool that simultaneously provides analytic information to the website operator and shares data with Google or Meta." Compare Ex. F, *Lawrence General,* 2025 WL 2808055, at *13 (D. Mass. Aug. 29, 2025), *report and recommendation adopted in relevant part,* 2025 WL 2807673 (D. Mass. Sept. 30, 2025) with ECF

No. 52-1, *Stein v. Edward-Elmhurst Health*, 2025 WL 580556, at * 4 (N.D. Ill. Feb. 21, 2025) and ECF No. 51-1, *R.S. v. Prime Healthcare Servs., Inc.*, 2025 WL 103488, at *6 (C.D. Cal. Jan. 13, 2025). "In other words, the interception that provides the basis for the alleged ECPA violation is itself the disclosure that provides the basis for the HIPAA violation . . . [As a result,] Plaintiff has failed to plausibly plead a criminal or tortious purpose that is independent of the interception itself." Ex. F, *Lawrence General,* 2025 WL 2808055, at *13–14.

On September 30, 2025, Judge Nathanial M. Gorton adopted and accepted Magistrate Judge Levenson's recommendation to dismiss plaintiff's ECPA claim due to its pleading deficiencies. *See* Ex. G.

When the crime-tort exception analysis is properly focused on the defendant's alleged purpose in making the alleged interception, and not on whether the defendant's alleged conduct may have resulted in any purported crime or tort, the supplemental authorities attached hereto hold that a purpose to engage in digital marketing is not criminal or tortious and support granting Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. *See* Ex. E, *Cape Cod*, 2025 WL 1745732, at *4 (dismissing ECPA claim because "commercial purposes or advantages are not the stuff of which a crime-tort is made"); Ex. B, *Genesis Health Sys.*, 2025 WL 1000192, at *9 (dismissing ECPA claim because the use of third-party analytics "by the Defendant to benefit [Defendant] and its marketing and advertising purposes, not *for the purpose of* knowingly committing a violation of the HIPAA" does not fall under the crime-tort exception) (emphasis in original; internal citations omitted); Ex. C, *Charlotte Mecklenburg Hosp.*, 2025 WL 880538, at *3 ("Plaintiffs have not plausibly alleged that Defendant's purpose for sharing IIHI was to breach HIPAA, and Plaintiffs' ECPA claim will be dismissed.")

Dated: December 10, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*<u>/s/ Elizabeth A. Scully</u>*
Elizabeth A. Scully (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: escully@bakerlaw.com

Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435

Paul G. Karlsgodt (*pro hac vice* forthcoming)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
T: (303) 764-4013
F: (303) 861-7805
Email: pkarlsgodt@bakerlaw.com

*Attorneys for Defendant Main Line Health, Inc. d/b/a Main Line Health*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December 2025, I electronically filed the foregoing with the Court using the CM/ECF system, which will automatically serve all attorneys of record via the Court's CM/ECF system.

*/s/ Elizabeth A. Scully*
Elizabeth A. Scully (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: escully@bakerlaw.com