**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID SMART,**<br>**Plaintiff,**<br>**v.**<br><br>**MAIN LINE HEALTH,**<br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No. 22-cv-5239-KNS** |

**FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SAC**

David Smart ("Plaintiff") respectfully submits this Fifth Supplemental Authority Notice in further opposition to Defendant's Motion to Dismiss his Second Amended Complaint. [Doc. 42].

On August 7, 2024, Defendant moved to dismiss the ECPA, negligence, and privacy claims in Plaintiff's Second Amended Complaint, arguing he had not properly pled the requisite facts. Def. Mem., pp. 4-24 [Doc. 42-1]. On September 6, 2024, Plaintiff filed his Opposition to Defendant's Motion. *See* Motion to Dismiss Opposition [Doc. 43-2].

On September 11, 2024, Plaintiff's first supplemental authority notice explained how the ruling in *A.D. v. Aspen Dental Mgmt., Inc.,* 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024) supported the sufficiency of his ECPA and negligence claims based on virtually-identical facts. [Doc. 44].

On September 30, 2024, Plaintiff's second supplemental authority notice explained how the ruling in *Murphy v. Thomas Jefferson Univ. Hosps., Inc.,* 2024 WL 4350328 (E.D. Pa. Sept. 30, 2024) supported the adequacy and viability of Plaintiffs' ECPA, negligence, and privacy claims based on virtually-identical facts. [Doc. 47].

On February 21, 2025, Plaintiff's third supplemental authority notice explained how the ruling in *R.S. v. Prime Healthcare Servs., Inc.,* 2025 WL 103488 (C.D. Cal. Jan. 13, 2025)

supported the adequacy and viability of Plaintiffs' ECPA claim based on virtually-identical facts. [Doc. 51].

On February 24, 2025, Plaintiff's fourth supplemental authority notice explained how the ruling in *Stein v. Edward-Elmhurst Health,* 2025 WL 580556 (N.D. Ill. Feb. 21, 2025) supported the adequacy and viability of Plaintiffs' ECPA and negligence claims based on virtually-identical facts. [Doc. 52].

Given that the ruling on Defendant's Motion to Dismiss Plaintiff's SAC is still pending decision and Defendant has recently filed a new supplemental authority notice, Plaintiff respectfully identifies eight additional cases, decided since his last supplemental authority notice, that further demonstrate the adequacy of the ECPA, negligence, and privacy allegations in his SAC.

In *W.W. v. Orlando Health, Inc*., 2025 WL 722892 (M.D. Fla. Mar. 6, 2025), the plaintiff filed ECPA, privacy, and other claims against the defendant for sharing her private information with Meta and Google on virtually-identical facts. *See Orlando Health* (Exhibit A). The Court found the plaintiff's allegations of the unlawful interception of the contents of her communications, similar to those pled in this action, sufficient to support her ECPA claim and dismissed her privacy claim with leave to replead based on a peculiarity in Florida law (requiring a physical intrusion) not present in Pennsylvania. *Orlando Health, Inc*., 2025 WL 722892, *19-24, *27-31. Thus, *Orlando Health* supports Plaintiff's ECPA claim and does not undermine his privacy claim.

In *Lugo v. Inova Health Care Servs*., 2025 WL 905191 (E.D. Va. Mar. 25, 2025), the plaintiff filed ECPA and other claims against the defendant for sharing her private information with Meta on virtually-identical facts. *See Lugo* (Exhibit B). Citing many cases that allowed

"invocation of the ECPA's crime-tort exception when plaintiffs allege violations of HIPAA," and crediting the plaintiff's allegations that the defendant had "disclosed information related to medical treatments and conditions," the Court denied the defendant's motion to dismiss the ECPA claim. *Lugo*, 2025 WL 905191, *6. To the extent these facts mirror those in this case, *Lugo* supports the sufficiency of Plaintiff's ECPA allegations and weighs against dismissal.

In *Doe v. Tenet Healthcare Corp.,* 789 F. Supp. 3d 814 (E.D. Cal. June 9, 2025), the plaintiffs filed ECPA, invasion of privacy and other claims against the defendant for intercepting and transmitting their PHI and PII to Meta. *See Tenet Healthcare* (Exhibit C). The court agreed that the plaintiffs had "alleged a reasonable expectation of privacy with respect to the PHI that they provided on Defendants' Web Properties" and denied the defendant's motion to dismiss the privacy claim. *Tenet Healthcare,* 789 F. Supp. 3d at 842-844. The court also addressed and rejected the same arguments Defendant has made in this case against the sufficiency of the plaintiffs' ECPA claim and denied the defendant's motion to dismiss that claim. *Id.* at 848-850. The analysis and reasoning in this decision, citing extensively to other decisions by other courts nationwide, strongly support the rejection of Defendant's Motion to Dismiss.

In *Pattison v. Teladoc Health, Inc.*, 2025 WL 1756364 (S.D.N.Y. June 25, 2025), the plaintiffs filed ECPA and other state-law claims against the defendant for intercepting and transmitting their PHI and PII to Meta. *See Pattison* (Exhibit D).[1] The court engaged in a thorough analysis of the plaintiffs' ECPA claim and ultimately rejected the defendant's motion to dismiss because, as here, "at the time of intercepting Plaintiffs' PHI and PII, Defendant intended to

---

[1] While the plaintiffs pled a negligence claim, they did not include allegations of negligent conduct. Because, "construing the Amended Complaint in the light most favorable to Plaintiffs, [the court] cannot discern allegations of negligent conduct," it dismissed this claim without prejudice, granting leave to replead. *Pattison*, 2025 WL 1756364, *10.

secondarily disseminate Plaintiffs' PHI and PII to third parties — in other words, intending, at the moment of interception, to commit a separate act, a criminal act in violation of HIPAA." Pattison, 2025 WL 1756364, *7-9. The analysis and reasoning in this decision, citing extensively to other decisions, strongly supports the sufficiency of Plaintiff's ECPA allegations.

In *I.T. v. ChoicePoint LLC*, 2025 WL 2495079 (W.D. Wash. Aug. 29, 2025), the plaintiffs filed ECPA and other state-law claims against the defendant for using online tracking tools to record their use of its website and transmit that information to Google and Facebook without their consent. *See ChoicePoint* (Exhibit E).[2] After a fulsome analysis, addressing many other cases, the court rejected the defendant's arguments that it had not intercepted the "contents" of plaintiffs' communications, it was a party to the communications so exempt from ECPA liability, and the alleged HIPAA and ECPA violations were one and the same so insufficient to invoke the ECPA crime-tort exception and denied the Defendant's motion to dismiss the ECPA claim. *ChoicePoint*, 2025 WL 2495079, *22. This case also supports the sufficiency of Plaintiff's ECPA allegations and the viability of this claim.

In *Doe v. Deaconess Ill. Union Cnty. Hosp., Inc.*, 2025 WL 2771415 (S.D. Ill. Sept. 29, 2025) and *Juenger v. Deaconess Health Sys*., 2025 WL 2780221 (S.D. Ill. Sept. 20, 2025), both of which involve facts and allegations similar to this action, the plaintiffs filed negligence, ECPA, and other claims against the defendant for sharing their private information with Meta. *See Deaconess* (Exhibit F). The Court found the plaintiff's negligence allegations, including those related to damages, sufficient to survive the defendant's motion to dismiss. *Doe*, 2025 WL 2771415, *12; *Juenger*, 2025 WL 2780221 at *8-12. Similarly, the plaintiffs' allegations relating

---

[2] While the plaintiffs' pled a negligence claim, they only made conclusory allegations of damages that were not sufficient, so the court dismissed this claim without prejudice, granting leave to replead. *ChoicePoint*, 2025 WL 2495079, *28

to the interception of the contents of protected communications and the sharing of the intercepted data with Meta in violation of HIPAA prohibitions led the Court to deny the defendants motion to dismiss the ECPA claim. *Doe*, 2025 WL 2771415, *23-32; *Juenger*, 2025 WL 2780221 at *24-26. Both of these decisions support the sufficiency of Plaintiffs' ECPA and negligence allegations.

In *Vriezen et al. v. Infinite Health Collaborative P.A.*, No. 24-CV-3743, Dkt. No. 48 (D. Minn. Sept. 30, 2025) (Exhibit G), the court rejected Main Line's position that the crime-tort exception to the ECPA cannot apply to a hospital's interception and disclosure of patient healthcare communications merely because the hospital's "purpose" was to make money. The *Vriezen* court correctly recognized that a violation under the exception occurs when an interception is made "for the purpose of committing a criminal or tortious act" that is "independent of the… unlawful interception" with an "intent to use that interception against the non-consenting party in some harmful way." *Vriezen* at 19-20 (internal citations omitted). Applying this framework, the court squarely held that "Plaintiffs adequately allege a tortious purpose" by alleging the defendant "intercepted their electronic communications for the purpose of violating HIPAA by collecting and disclosing their PHI without consent, thereby invading their privacy." *Id.* at 18-19. Likewise, the *Vriezen* court held the hospital's intentional decision to disclose its patients' health data to third parties is an independent tortious act, separate from the act of recording. *Id.* at 19-20. The *Vriezen* court found these allegations sufficient to state a claim under the ECPA, explaining that other decisions "have found that plaintiffs plausibly alleged the crime-tort exception based on HIPAA violations and an invasion of privacy arising out of the alleged interception," including cases where the interception "was motivated by 'marketing and revenue generation,' which was a HIPAA violation and an invasion of privacy." *Id.* at 18, *quoting In re Grp. Health Plan Litig.*, 709 F. Supp.

3d 707, 719 (D. Minn. 2023). In short, *Vriezen* recognizes that the pursuit of profit does not neutralize an otherwise unlawful purpose.

Likewise, in *Hartley v. Univ. of Chicago Med. Ctr.*, 2025 WL 2802317 (N.D. Ill. Oct. 1, 2025) (Exhibit H), the Court rejected the hospital defendant's argument that it lacked a criminal or tortious purpose when it disclosed patient communications because it did not intend to violate HIPAA – the same argument Main Line advances. *Hartley*, 2025 WL 2802317, *9. As in this case, the plaintiff in *Hartley* alleged a knowing violation of HIPAA triggering the crime-tort exception based on its disclosure of individually identifiable health information. *Id.*; 42 U.S.C. § 1320d-6(a)(3). As the *Hartley* court explained:

> But under HIPAA's "knowingly" requirement, "the defendant need only know that he obtained [or disclosed] individually identifiable health information relating to an individual." *United States v. Huping Zhou*, 678 F.3d 1110, 1115 (9th Cir. 2012). In other words, it "merely requires proof of knowledge of the facts that constitute the offense, not a culpable state of mind or knowledge of the law." *Id.* at 1114 (quoting *Dixon v. United States*, 548 U.S. 1, 5 (2006))

*Hartley*, 2025 WL 2802317, at *9. The *Hartley* court found the plaintiff's allegations that the hospital intentionally installed tracking tools to disclose "website-use data to Meta for analysis and commercial use" supported "the reasonable inference that [the hospital] 'knowingly… disclose[d]' [plaintiff's] individually identifiable health information to another person." *Id.*, *quoting* 42 U.S.C. § 1320d-6(a)(3). As a result, it ruled the plaintiff had plausibly alleged an intentional interception of her communications "for the purpose of committing a criminal… act in violation of HIPAA." *Id.* (internal citations omitted).

The *Hartley* court also rejected the defendant's argument, based on *AHA v. Becerra*, 738 F. Supp. 3d 780 (N.D. Tex. 2024) and reiterated by Main Line, that information intercepted from a public website can never amount to individually identifiable health information. The *Hartley* court explained that *Becerra* addressed the validity of generally applicable HHS guidance

concerning public websites in the abstract, not allegations involving specific individuals' use of specific healthcare websites as in this case. *Harley*, 2025 WL 2802317 at *4. The *Hartley* court emphasized that context matters, and that *Becerra's* conclusion that data collected from public healthcare websites does not always constitute individually identifiable health information, does not support the broader proposition that such information can never qualify as individually identifiable health information.

In sum, all these decisions reinforce that a healthcare provider cannot avoid the crime-tort exception by characterizing its HIPAA violations as mere "marketing." Whether Plaintiff alleges Main Line had a culpable state of mind when it chose to violate HIPAA is irrelevant. What matters is that Defendant had "a purpose of committing an act – an act that is criminal or tortious." *Stein*, 2025 WL 580556, at *6. Here, Plaintiff has plausibly alleged that Main Line knowingly violated HIPAA by intentionally installing tracking tools that disclosed its website users' protected health information to Meta for commercial profit. Thus, the crime-tort exception to the ECPA applies and the Court should deny Defendant's Motion to Dismiss in its entirety.

Respectfully Submitted,

Dated: January 4, 2026

/s/ *David J. Cohen*
David J. Cohen
**STEPHAN ZOURAS, LLP**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550

*Attorneys for Plaintiffs*